IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TOMMETTE CUEBAS, | : |
| Plaintiff | : |
| VS. | : |
| | : 5 : 06-CV-144 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on May 4, 2006, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

The court notes initially that the plaintiff, through counsel, filed an initial brief herein totaling fifty-nine (59) pages, which included a twenty-three (23) brief and various attachments, which were all filed as one brief or document. Following the filing of a brief on behalf of the Commissioner, the plaintiff filed a seventeen (17) page reply brief with attachments totaling twenty-two (22) pages, along with a motion to exceed the page limitation for a reply brief. Although the court granted this motion to exceed the page limitation, the plaintiff did not file a motion to exceed the page limitation for his initial brief, which exceeded the twenty (20) page limitation set out by Local Rule 7.4 with the brief itself. Counsel is reminded to abide by the court's Local Rules regarding page limitations. Future briefs that exceed the page limitation, without leave of court first obtained, will not be considered unless and until they are refiled within the page limitations. The court also reminds the parties that it is not necessary to file copies of cases and other rulings which the court can readily access. Only those cases and/or documents

which the parties believe the court cannot easily obtain should be attached to any briefs filed with the court. The parties should be mindful of the court's wide-ranging access to cases and rulings through Westlaw's internet site.

*Background*

The plaintiff filed an application for disability benefits in August 2002, alleging disability since February 18, 2002, due to multiple sclerosis and complications resulting therefrom. Her claim was denied initially and upon reconsideration, and following a hearing, the ALJ found the plaintiff not disabled. The Appeals Council vacated the ALJ's decision and remanded the plaintiff's claim for further development. On April 12, 2005, the ALJ held a second hearing, and thereafter determined that the plaintiff was disabled as of December 13, 2004. Inasmuch as the plaintiff's insured status expired on March 31, 2004, she was not entitled to disability benefits. The Appeals Council denied review, and the plaintiff then filed this appeal, raising multiple arguments against the ALJ's decision.

The plaintiff maintains that her primary disabling impairment is Multiple Sclerosis, although a definitive diagnosis of Multiple Sclerosis was not made until May 2005.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v.

Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Onset date*

Initially, the plaintiff argues that the ALJ violated Social Security Ruling 83-20 by failing to call a medical expert to testify regarding the onset date of plaintiff's disability. Social Security Ruling 83-20 dictates that

> [i]n determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record. . . . At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

The plaintiff maintains that because MS is such a difficult disease to diagnose and the ultimate diagnosis in May 2005 included references to plaintiff's "long history" of certain symptoms, plaintiff's onset disability date had to be inferred from the medical records and therefore required the ALJ to consult a medical expert as to onset date. The Commissioner maintains that the medical evidence shows that the plaintiff was not disabled prior to December 13, 2004, with certain physicians finding no abnormal neurological findings indicative of multiple

3

sclerosis as early as September 2002 and as late as February 2005. R. at 338, 520.

The plaintiff was not officially diagnosed with multiple sclerosis until May 10, 2005, by Dr. Mary Hughes of the Medical College of Georgia, who based her diagnosis on plaintiff's neurological symptoms. Prior brain scans and spinal taps had failed to confirm the multiple sclerosis diagnosis.

In determining the onset date of plaintiff's disability, the ALJ found that

> [t]he evidence supports disability since December 13, 2004. Claimant, however, was last insured on May 31, 2004 and must show disability on or prior to that date to be entitled to Disability Insurance Benefits.
> 
> . . .
> 
> Diagnostic testing performed on December 13, 2004, revealed multiple foci of increased T2 signal intensity in the white matter and a progressive demyelineating disease process which was felt most consistent with multiple sclerosis.
> 
> . . .
> 
> Prior brain MRI's and spinal taps failed to confirm multiple sclerosis. The first real evidence of MS was on December 13, 2004 and still was based largely on subjective symptoms. If this condition were more sever [sic] in the past there would not have been the multiple examinations without any significant neurological or other findings including the rheumatological consultative examination performed on February 19, 2005.

Social Security Ruling 83-20 provides that "[p]articularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established. In such cases, consideration of vocational factors can contribute to the determination of when the disability began." Additionally, in regard to cases where it is possible to infer that the disability onset date occurred prior to its diagnosis date, "[t]he onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from

4

engaging in SGA (or gainful activity)".

The ALJ herein failed to consider anything other than the date of diagnosis in determining the onset date of plaintiff's disability related to multiple sclerosis. Despite the dictates of Ruling 83-20, the ALJ failed to consider any vocational factors in reaching a conclusion regarding onset date and instead relied entirely on his reading of the objective medical evidence to find the date on which multiple sclerosis was actually diagnosed. In so doing, the ALJ ignored multiple references by medical professionals to early symptoms of the disease. Ruling 83-20 required the ALJ to obtain the testimony of a medical expert herein, and his failure to do so was error.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) for further development with a medical expert. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of September, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb