**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| TOMMETTE CUEBAS, | : |
| Plaintiff, | : |
| vs. | :     5:06-CV-144 (CAR) |
| MICHAEL J. ASTRUE,<br>**Commissioner of Social Security** | : |
| Defendant. | : |

*ORDER GRANTING ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(B)(1)*

Currently before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Section 406(b)") [Doc. 22]. The Commissioner filed a Response to Plaintiff's Motion [Doc. 23]. Although the Commissioner does not object to the amount of fees requested by Plaintiff's Counsel, the Commissioner has questioned the timeliness of Plaintiff's Motion in light of the Eleventh Circuit's decision in Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (2006). The Commissioner also seeks clarification regarding the proper allocation of the amount in fees now due and the amount previously awarded between Plaintiff and Plaintiff's Counsel. As discussed below, the Court finds that Plaintiff's Motion is timely and that the requested attorney's fees are reasonable under 42 U.S.C. § 406(b)(1). Thus, the Court **GRANTS** Plaintiff's Motion and affirms the award of **$8,523.50** in such fees to Counsel. In accordance with Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), Counsel is **DIRECTED** to refund to Plaintiff the Court's prior award of **$4,143.75** in attorney's fees under the Equal Access to Justice Act ("EAJA") [Doc. 19].

**BACKGROUND**

Plaintiff filed this civil action for review of the Commissioner's decision denying Plaintiff's request for benefits under the Social Security Act. On September 27, 2007, this Court entered judgment reversing the Commissioner's decision and remanded the case pursuant to Sentence Four of 42 U.S.C. § 405(g). Plaintiff filed a motion for attorney's fees under the EAJA on December 24, 2007, which the Court granted in the amount of $4,143.75. Over a year after the remand judgment by this Court had been entered, the Commissioner issued its Notice of Award to Plaintiff on November 3, 2008. Twelve days later, on November 15, Counsel filed the Motion for Attorney's Fees now before the Court.

Counsel represented Plaintiff before this Court on a contingent fee basis that provided for an attorney's fee award of 25% of any past-due benefits awarded. Plaintiff received an award of $34,094.00 in past-due benefits for his disability. Counsel avers therefore that pursuant to this contingent fee agreement, the Court should award him $8,523.50 in attorney's fees.

The Commissioner does not attack as improper the grounds for the fee or the basis for calculating it but questions the timeliness of Plaintiff's request under the Federal Rules of Civil Procedure as interpreted to apply in Social Security claims by the Eleventh Circuit in Bergen. The Commissioner additionally points out that pursuant to Gisbrecht Counsel must reimburse Plaintiff $4,143.75–the amount previously awarded by this Court under the EAJA–since this figure represents the lesser of the two awards. 535 U.S. 789 at 796.

During the time this case has been pending, the Eleventh Circuit has twice addressed the issue of timeliness in motions for attorneys fees under the social security act. Bergen was decided on July 2, 2006, and Blitch v. Astrue, 261 F. App'x 241, was handed down on January 8, 2008. The Middle District of Georgia has also addressed the issue in a standing order issued on January 9, 2009, which was superceded by Local Rule 9.4 on December 1, 2009.

2

**LEGAL STANDARD**

There are two ways for attorneys to obtain fees in social security cases. Under the EAJA, counsel may petition a district court for an award of an hourly rate fee. 28 U.S.C. § 2412. Alternatively, counsel may seek a contingency fee pursuant to 42 U.S.C. 406(b). The district court can easily calculate the EAJA hourly rate fee immediately following remand of a social security case to the Commissioner. In contrast, the district court cannot award Section 406(b) contingency fees until the Commissioner determines any past-due benefits.

Following a favorable decision by the Commissioner, Section 406(b) provides attorneys the option of obtaining a contingency fee according to the following parameters:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. Id. Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. Since the EAJA fees are awarded earlier in the litigation process, and it is impossible to know whether Section 406(b) fees will ultimately be available at that point, counsel may obtain a Section 406(b) fee even after having successfully petitioned for EAJA fees but must reimburse any EAJA award to the client. See Gisbrecht 535 U.S. 789 at 796. Generally, Section 406(b) contingency fees amount to more than the hourly rate allowed by the EAJA, so this two-step approach is a common practice for attorneys seeking fees in social security cases.

Based on a strict reading of the Federal Rules of Civil Procedure, however, some courts have questioned the validity of the procedures involved in this approach and have refused to award Section 406(b) fees as time-barred. See Bergen 454 F.3d 1273 at 1275. The rules generally require that counsel file any motion for attorney's fees within fourteen days "after entry of judgment," and that the motion must "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2). A literal reading of Rule 54(d)(2) in the social security context would seem to foreclose any award of Section 406(b) fees as time-barred if counsel does not file the motion within 14 days of the district court's remand judgment. But this approach would force a resolution on attorney's fees long before the Commissioner has made a determination as to any past due benefits, a necessary prerequisite to any award of Rule 406(b) fees. Since the deadline for filing a motion for a contingency fee would pass long before counsel knows whether such fees are even available, this approach is nonsensical because it effectively nullifies Section 406(b) in many cases.

The Eleventh Circuit first attempted to clear up the resulting confusion in Bergen, which held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commission of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." 454 F.3d at 1277. On this point, the Circuit noted that a strictly literal reading of Section 406(b) "would frustrate the underlying congressional policy" of promoting effective legal representation on behalf of social security claimants by ensuring that lawyers will receive reasonable fees directly through the certification of any past-due benefits. Id. Such a reading could actually discourage a proper resolution of the claim on the merits, because without the availability of a contingency fee, counsel would lack any incentive to pursue past-due benefits on remand. Id.

4

Bergen also, however, indicated that an application for fees under Section 406(b) must be brought within the time provided by Fed. R. Civ. P. 54(d)(2) but declined to decide when the 14-day clock begins to run. Id. In doing so, the Circuit merely made the straightforward observation that the procedures for obtaining attorney's fees under the social security act must conform with the Federal Rules of Civil Procedure. Nevertheless, these two policies came into immediate conflict in the social security context for the reasons of timing discussed above. As a result, Bergen left unresolved some of the confusion as to the proper standard for assessing the timeliness of Section 406(b) motions for attorney's fees.

Fortunately, the Eleventh Circuit through an unpublished opinion in 2008 revisited the issue and explicitly recognized the potential dilemma posed by reading 42 U.S.C. § 406 together with Fed. R. Civ. P. 52(d)(2)(i). The Circuit has provided the following guidance in a footnote:

> We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines that amount of the client's award. In Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n. 2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants.

Blitch v. Astrue, 261 F. App'x 241, 242 n.1 (11th Cir. 2008). The Circuit in Blitch found the

5

district court had abused its discretion in refusing to hear a Section 406(b) motion for attorney's fees that was filed more than 14 days after the remand judgment was entered. Id. at 242. The Circuit reasoned that the claimant's counsel reasonably waited to file the motion until after the Commissioner determined the past-due benefits award on remand. Id. Since no on point local rule, standing order, or language in the remand judgment guided its decision, the Blitch court thus repudiated any reading of Rule 52(d)(2)(i) that would make Section 406(b) filings untimely if not submitted within 14 days of the remand judgment.

In order to avoid any future confusion on the issue, Blitch further urged the district courts to fashion a standard procedure for seeking fees under the Social Security Act. Many districts, including the Middle District of Georgia, have done so through a standing order or local rule. The Middle District of Georgia first adopted uniform procedures applicable to Sections 406(b) and 1383(d)(2) in a standing order on January 9, 2009, and has since integrated these procedures into a local rule that provides, as follows:

(a) If the plaintiff's attorney seeks attorney's fees under 42 U.S.C. §§ 406(b) or 1383(d)(2) he or she must file a motion for approval of such fees no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.

(b) The defendant's response, if any, shall be filed no later than thirty (30) days after the plaintiff's attorney serves the motion on the defendant.

(c) Plaintiff shall file any reply within ten (10) days of service of defendant's response.

M.D. Ga. R. 9.4 (December 1, 2009). The current state of the procedural requirements for obtaining fees under the EAJA and Section 406(b), therefore, reflects the longstanding approach of many district courts and adopts the Eleventh Circuit's common sense method for reconciling Rule 52(d)(2)(i) with the social security claims process.

**DISCUSSION**

*a. Requested fee is timely.*

Counsel, in this case, timely sought and obtained EAJA fees after the Court originally remanded the matter on September 27, 2007. At that point, the Commissioner had not calculated past due benefits, so Counsel could not petition for a contingency fee pursuant to Section 406(b). The Commissioner announced his finding of past due benefits a year later on November 3, 2008, and Counsel now seeks to substitute Section 406(b) contingency fees for the prior award of EAJA hourly rate fees. Counsel filed the current Section 406(b) Motion for Attorney's Fees on November 15, 2008.

Counsel's application for attorney's fees thus became ripe approximately two months before the Middle District of Georgia adopted a standing order on January 9, 2009, to clarify the procedure for obtaining attorney's fees under Section 406(b). The fact that Counsel filed the Motion for Attorney's Fees just twelve days after the Commissioner issued the Notice of Award on remand, however, places the Motion in complete compliance with this district's current guidelines pursuant to Blitch. The standing order, which Local Rule 9.4 superceded on December 1, 2009, simply expressed what the Blitch decision had already recognized as the correct approach for addressing the timing issue presented in applying Rule 52(d)(2)(i) to Section 406(b). As such, the Court considers the Section 406(b) Motion for Attorney's Fees timely filed, because even without the help of the more generous time-frame provided for by Local Rule 9.4, Counsel filed the Motion less than 14 days after the Commissioner issued the Notice of Award, which Blitch suggests as a "reasonable" starting point from which the Rule 52(d)(2)(i) clock should run. 261 F. App'x 241 at 242.

Any other result plainly contradicts the spirit of the Bergen ruling and, most importantly, contravenes the objective Congress had in mind when making Section 406(b) fees available in

7

the first place. Congress intended to implement a policy of making the courts more accessible to social security claimants through better legal representation. See Bergen 454 F.3d at 1277. Plaintiff's Motion for Attorney's Fees pursuant to Section 406(b), therefore, is not time barred.

*b. Requested fee is reasonable.*

Having found Counsel's Motion to be timely, this Court must next determine whether the requested fee is reasonable. See Gisbrecht, 535 U.S. at 807. Upon review of the supporting papers filed by Counsel and there being no opposition by the Commissioner as to the amount sought, the Court finds that the sum sought is reasonable. Through Counsel's efforts, Plaintiff won a reversal and remand for further proceedings, which ultimately resulted in an award of $34,094.00 in past due benefits. Counsel has represented Plaintiff for almost five years exclusively on a contingency basis, all the while assuming a risk that he would recover no fee for his services. Finally, the fee contemplated in the fee agreement between Counsel and Plaintiff aligns with other reported post-Gisbrecht decisions.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees [Doc. 22] and awards **$8,523.50** in such fees to Counsel. In accordance with Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), Counsel is **DIRECTED** to refund to Plaintiff the Court's prior award of **$4,143.75** in attorney's fees under the Equal Access to Justice Act [Doc. 19].

**SO ORDERED,** this 12th day of May, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

THC/ssh